**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROYLAND RODRIGUEZ, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> DR. MARSHA JOHNS and OFFICE OF THE ) </br> ATTORNEY GENERAL, ) </br> ) </br> Defendants. ) </br> ) | Case No.: 2:20-cv-00468-GMN-DJA </br></br> **ORDER** |

Pending before the Court is Plaintiff Royland Rodriguez's ("Plaintiff's") Motion to Set Aside the Settlement and Other Relief, (ECF No. 17). Defendants Marsha Johns and the Office of the Attorney General (collectively, "Defendants") filed a Response, (ECF No. 21), to which Plaintiff filed a Reply, (ECF No. 22).

Also pending before the Court is Defendants' Motion to Extend Time to Respond to the Motion to Set Aside, (ECF No. 19). Plaintiff did not file a Response.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Set Aside the Settlement and **GRANTS** *nunc pro tunc* Defendants' Motion to Extend Time.

I. **BACKGROUND**

This case arises from Defendants' alleged constitutional violations while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (*See* Compl., ECF No. 1). Plaintiff suffers from a serious neurological condition, causing him severe pain and sudden collapses in strength. (*Id*. at 4). Defendants allegedly transferred Plaintiff to Ely State Prison ("ESP") without a medical assessment in 2018 and further allowed prison staff to transfer Plaintiff in a transfer bus that caused Plaintiff excruciating physical torture and mental anguish. (*Id*. at 4–5).

On March 5, 2020, Plaintiff filed a Complaint, alleging that Defendants deliberately ignored to his serious medical needs, in violation of the Eighth Amendment. (*See id.*).  In May 2021, Plaintiff and Defendants reached a Settlement Agreement ("Agreement"). (*See* Mot. Set Aside at 1–2, ECF No. 17).  Under the Agreement, Plaintiff agreed to release all pending legal claims in exchange for: (1) a review in a full classification hearing for proper institutional placement; and (2) an expedited medical hearing with a Nevada Department of Corrections ("NDOC") doctor. (*See* Settlement Agreement at 3, Ex. A to Resp. to Mot. Set Aside, ECF No. 21-2).  The Agreement explicitly stated that proper institutional placement was contingent on approval by a full classification hearing and the medical hearing. (*Id.*).  As such, "[t]he NDOC [could] neither guarantee the outcome of the full classification hearing nor promise or guarantee the clinical outcome of any upcoming medical consultation." (*Id.*).  The parties subsequently filed a Stipulation of Dismissal with Prejudice, (ECF No. 15), which this Court granted. (*See generally* Order Granting Stipulation Dismissal, ECF No. 16).

Pursuant to the Agreement, Plaintiff received his full classification hearing and the medical hearing. (Mot. Set Aside 2:14–17).  A medical board approved Plaintiff for transfer; however, the classification committee denied Plaintiff because "his points [were] too high." (*Id*. 2:15–17).  Plaintiff subsequently filed the instant Motion to Set Aside the Settlement Pursuant to Federal Rule of Civil Procedure 60. (*See* Mot. Set Aside, ECF No. 17).

## II.     LEGAL STANDARD

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following

circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

### III. DISCUSSION

Plaintiff argues that the Agreement is void due to the mutually mistaken belief that Plaintiff could be transferred to another facility. (*See* Mot. Set Aside 2:18–23). Alternatively, Plaintiff asserts that Defendants fraudulently failed to disclose to Plaintiff that he was not eligible for transfer, prior to Plaintiff agreeing to the terms of the Agreement. (*Id.* 3:17–20).

As a preliminary matter, the Court does not have authority to grant Plaintiff's requested form of relief. According to the Settlement Agreement, the parties agree that their "sole remedy to enforce or interpret this Agreement, or *to otherwise resolve any disputes that may arise from this agreement*, shall lie in an action for breach of contract commenced in a *Nevada State district court* applying Nevada law." (*See* Settlement Agreement at 5, Ex. A to Def.'s Resp., ECF No. 21-2) (emphasis added). Here, Plaintiff disputes the terms of the Settlement Agreement, specifically arguing that the Settlement Agreement is void because Plaintiff is not eligible to transfer. (Mot. to Set Aside Settlement at 2). Any action for breach of contract, therefore, must be initiated in Nevada state court pursuant to the terms of the Agreement.

Even if the Court maintained jurisdiction over Plaintiff's dispute, Plaintiff's Motion to Set Aside the Settlement fails based on the explicit terms of the Agreement. The Agreement specifically states that the "NDOC can neither guarantee the outcome of the full classification hearing—that is for the relevant panel to decide based on all the evidence available to them— nor promise or guarantee the clinical outcome of any upcoming medical consultation." (Settlement Agreement at 3). Indeed, Plaintiff acknowledged this provision of the Settlement Agreement, as he restates in his Motion that "[t]he agreement did not guarantee a result." (Mot.

to Set Aside Settlement 2:11–2). Since the Agreement did not promise Plaintiff's transfer, neither party entered the Agreement with the mistaken belief that Plaintiff was ineligible for transfer. Plaintiff's ability to transfer remained contingent on the outcome of a full classification hearing and medical consultation. Accordingly, the Court denies Plaintiff's request to set aside the settlement.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside the Settlement and Other Relief, (ECF No. 17), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time to Respond to the Motion to Set Aside, (ECF No. 19), is **GRANTED** *nunc pro tunc*.

**DATED** this __10__ day of November, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT